**M. G. ASTLEFORD and Jane Z. Astleford, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 74–1798.**

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1975.

Decided May 29, 1975.

Dennis M. Mathisen, Minneapolis, Minn., for appellants.

Michael L. Paup, Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., for appellee.

Before GIBSON, Chief Judge, STEPHENSON, Circuit Judge, and SMITH, Senior District Judge.*

PER CURIAM.

Taxpayers M. G. and J. Z. Astleford have appealed a judgment of the United States Tax Court determining deficiencies in the total amount of $271,006.77 due to disallowance of business bad debt deductions in the tax years 1963, 1964 and 1966 occasioned by a total loss of $609,658.61 sustained by the taxpayers' partnership. The loss was characterized by the court as a capital loss for the reason that the unrecovered advances made by the taxpayers to Melroy Constructors, Inc. (100% owned by M. G. Astleford), were equity rather than debt investments.

We have carefully considered the record, briefs and arguments of the parties and affirm on the basis of the Tax Court's opinion [1] on the issue whether the Astlefords' advances of funds to Melroy constituted equity or debt investments. The equity of Melroy was so thin, compared to its degree of debt capitalization, as to be almost meaningless. The day-to-day operations of the corporation commanded a much greater infusion of corporate funds than the token $10,000 contribution set up by the Astlefords on the corporate books. For this and the other reasons discussed by the Tax Court, the entire transaction in substance, regardless of form, places the advances denominated by the taxpayers as loans into the category of capital infusions for operating purposes.

Further, since we concur with the Tax Court's opinion that the advances constituted equity capital advances rather than loans, we do not reach, nor do we intimate any view of, the Tax Court's position on the second issue discussed briefly in its opinion—that it would treat the advances as nonbusiness bad debts were they considered to be debt rather than equity advances, thus limiting the deduction to a short term capital loss.

The judgment of the Tax Court is affirmed.

---

* The Honorable Talbot Smith, United States Senior District Judge, Eastern District of Michigan, sitting by designation.

1. Reported at 33 T.C.M. 184 (July 11, 1974).